CLERK'S COPY
FILED
AT ALBUQUERQUE NM
FEB - 7 2000
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL SENA,

    Plaintiff,

v.    No. CIV-99-1307 JP/DJS

WACKENHUT CORPORATION,
JOE R. WILLIAMS (Warden),
INFIRMARY ADMINISTRATOR BRUCE TRAVIS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against certain Defendants will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, when Plaintiff arrived at the Lea County, New Mexico,



Correctional Facility, he was denied medical treatment for a serious dental condition. As a result, his face became swollen and he suffered "unbearable pain." Plaintiff claims his rights under the Eighth Amendment were violated, and he seeks damages.

Plaintiff's allegations against Defendants Wackenhut Corporation and Williams do not affirmatively link them to the alleged violation. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's claims against these Defendants will be dismissed.

Judgment will be entered on Plaintiff's claims in favor of Defendants Wackenhut Corporation and Williams. Because these Defendants are no longer named parties, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Wackenhut Corporation and Williams be DISMISSED; a form of judgment will be entered in accordance with this opinion; and the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Travis in his individual capacity.

UNITED STATES DISTRICT JUDGE